# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE MCCLOUD, <br><br> Plaintiff, <br><br> v. <br><br> T. BIRD-HUNT, et al., <br><br> Defendants. | Case No.: 19-cv-00618-WQH-JLB <br><br> **REPORT AND RECOMMENDATION FOR ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** <br><br> **[ECF No. 10]** |

## I. <u>INTRODUCTION</u>

Before the Court is Defendants' Motion to Dismiss Plaintiff Willie McCloud's Complaint for failure to state a claim. (ECF No. 10.) Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 48 U.S.C. § 1983. (ECF Nos. 1; 4.) The Court submits this Report and Recommendation to United States District Judge William Q. Hayes pursuant to 28 U.S.C. § 636(b)(1) and Civil Local Rule 72.1 of the Local Rules of Practice for the United States District Court for the Southern District of California. After a thorough review of the Complaint, the parties' filings, and all supporting documents, and for the reasons discussed below, the Court **RECOMMENDS** that the District Court **GRANT** Defendants' Motion to Dismiss.

1

## II. BACKGROUND

### A. Factual Background[1]

The Court derives the following facts from the Complaint: Plaintiff is a state prisoner currently incarcerated at Richard J. Donovan Correctional Facility ("RJDCF").[2] (ECF No. 1 at 1.) On February 7, 2018, Plaintiff overheard another inmate, C. Johnson, telling Correctional Officers T. Bird-Hunt[3] and A. Ruelas that he was "going to stab and kill" Plaintiff. (*Id.* at 4.) After hearing Johnson's threats, Plaintiff made "repeated request[s]" to Officers Bird-Hunt and Ruelas to move Johnson to another cell that was not next to Plaintiff's cell or to a new building, or to move Plaintiff. (*Id.*) Officers Bird-Hunt and Ruelas disregarded Plaintiff's requests and said, "We're not moving anyone and don't worry about Johnson he isn't gonna do shit." (*Id.*) Plaintiff "knew his safety was at risk," so he continued to ask the officers to move Johnson or himself. (*Id.*)

The next day, Plaintiff "was being escorted to his cell" when Johnson approached Plaintiff and threatened him with a "large[,] sharp[,] knife-like weapon." (*Id.* at 3.) The weapon was in Officer Bird-Hunt's "clear view." (*Id.*) Johnson proceeded to attack Plaintiff with the weapon, cutting his ear and "other parts of [his] body." (*Id.*) Johnson then stabbed Plaintiff in the shoulder. (*Id.*) While Johnson was attacking Plaintiff, Officer Bird-Hunt "panicked" and "failed to intervene," leaving Plaintiff "to fend for himself."

---

[1] The Court accepts the allegations in the Complaint as true for purposes of assessing Defendants' Motion to Dismiss only. In addition, this Report and Recommendation does not provide a summary of all facts in the Complaint, but only those that are relevant to the claims Defendants move to dismiss.

[2] Plaintiff filed a Notification of Change of Address dated September 9, 2019, on the docket wherein Plaintiff provides the Court with a new "mailing address only." (ECF No. 16 at 1.) Thus, it does not appear that Plaintiff's physical residence has changed, and the return address on the envelope in which Plaintiff mailed his notification is his address at RJDCF. (*Id.* at 2.)

[3] Defendants refer to this officer as "Byrd-Hunt." (*E.g.*, ECF No. 10 at 1.) However, for consistency, the Court will use Plaintiff's spelling of "Bird-Hunt," which is the spelling that appears on the docket.

(*Id.*) Officer Bird-Hunt did not call for assistance. (*Id.*) However, another correctional officer intervened and "saved [Plaintiff's] life."[4] (*Id.*)

Following Johnson's attack, Plaintiff filed an inmate grievance in the form of a CDCR Form 602. (*Id.* at 5.) Because Plaintiff is mentally ill, he did not write the grievance himself and "obtained assistance from a jailhouse lawyer" to write it for him. (*Id.*) The jailhouse lawyer, however, did not include in the grievance information regarding the threats Plaintiff overheard Johnson make prior to the attack or Plaintiff's subsequent requests to Officers Bird-Hunt and Ruelas to be separated from Johnson. (*Id.*) On March 25, 2018, Sergeant F. Lewis interviewed Plaintiff regarding his inmate grievance. (*Id.*) Plaintiff informed Sergeant Lewis about the information the jailhouse lawyer had failed to include in the grievance, but Lewis told Plaintiff that he was "not there to address events prior to" Johnson's attack. (*Id.*) Sergeant Lewis "disregarded what Plaintiff told him" and declined to add that Officers Bird-Hunt and Ruelas "had prior knowledge" that Plaintiff's "safety was at risk" in the "appeal response." (*Id.* at 5–6.)

Plaintiff alleges that Officer Bird-Hunt violated his Eighth Amendment rights by "failing to prevent and protect [him] from an attack" by Johnson and by being "deliberately indifferent" to his "safety and security." (*Id.* at 2–4.) Plaintiff also alleges that Officer Bird-Hunt failed to protect him from Johnson's attack in retaliation for grievances Plaintiff filed against her and other prison staff—a First Amendment violation. (*Id.* at 2–3.)

Plaintiff likewise alleges that Officer Ruelas violated his Eighth Amendment rights by being "deliberately indifferent" to his "safety and security." (*Id.* at 2, 4.) Plaintiff

---

[4]     Johnson's attack on Plaintiff is substantially corroborated by a "Circumstances of Violation" report Plaintiff attached to the Complaint as Exhibit B. (ECF No. 1 at 11.) The report does not mention Officer Bird-Hunt or identify its author. The report's author states that he or she used "state[-]issued MK-9 Oleoresin Capsicum (OC) Spray" on Johnson three times without avail before pushing Johnson off Plaintiff and striking Johnson's right hand repeatedly with a baton to make him drop the weapon. (*Id.* at 11.) The author was then able to subdue Johnson. (*Id.*)

alleges that Sergeant Lewis violated his Fifth Amendment rights under the Due Process Clause by "failing to input all of Plaintiff's statement from the interview in the appeal response," which "omitt[ed] serious case factors that needed to be exhausted in the administrative appeal process." (*Id.* at 2, 5.)

Plaintiff seeks both injunctive relief and damages from Defendants in their official and individual capacities. (*Id.* at 2, 7.)

**B.  Procedural Background**

On June 27, 2019, Defendants Bird-Hunt, Ruelas, and Lewis filed a Motion to Dismiss Plaintiff's Complaint for failure to state a claim. (ECF No. 10.) Specifically, Defendants move to dismiss Plaintiff's claims for damages against all Defendants in their official capacities and Plaintiff's due process claim against Defendant Lewis. (*See id.*)

On August 5, 2019, Plaintiff filed a response in opposition to Defendants' motion. (ECF No. 14.) On September 10, 2019, Defendants filed a reply. (ECF No. 15.)

### III.  LEGAL STANDARDS

**A.  Motion to Dismiss for Failure to State a Claim**

The Federal Rules of Civil Procedure require a plaintiff's complaint to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard that Rule 8 announces does not require detailed factual allegations, and the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citing *Twombly*, 550 U.S. at 555).

A motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. *See Twombly*, 550 U.S. at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

4

relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Cooney v. Rossiter*, 583 F.3d 967, 971 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678–79.

In ruling on a Rule 12(b)(6) motion to dismiss, the court does not look at whether the plaintiff will "ultimately prevail but whether the [plaintiff] is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court may consider allegations contained in the pleadings, exhibits attached to the complaint, and documents and matters properly subject to judicial notice. *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007); *Roth v. Garcia Marquez*, 942 F.2d 617, 625 n.1 (9th Cir. 1991). The court must assume the truth of the facts presented and construe all inferences from them in the light most favorable to the nonmoving party. *Buckey v. County of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). However, the court is "not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). In addition, when an allegation in the complaint is refuted by an attached document, the court need not accept the allegation as true. *Roth*, 942 F.2d at 625 n.1.

**B.     Standards Applicable to *Pro Se* Litigants**

With respect to a plaintiff proceeding *pro se*, his factual allegations, "however inartfully pleaded," must be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (reaffirming that this standard applies to *pro se* pleadings post-*Twombly*). Thus, when a plaintiff proceeds *pro se* in a civil rights case, the court must

construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, in giving liberal interpretation to a *pro se* civil rights complaint, the court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "The plaintiff must 'allege with at least some degree of particularity overt acts which defendants engaged in' that support the plaintiff's claim." *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (quoting *Powell v. Workmen's Comp. Bd.*, 327 F.2d 131, 137 (2d Cir. 1964)).

## IV. DISCUSSION

### A. Due Process Under the Fifth and Fourteenth Amendments

#### 1. Due Process Under the Fifth Amendment

As stated above, Plaintiff alleges that Defendant Lewis violated his due process rights under the Fifth Amendment when Lewis did not allow Plaintiff to add additional facts to his original inmate grievance during his appeal interview. (ECF No. 1 at 2, 5.) Defendants move to dismiss Plaintiff's due process claim against Defendant Lewis. (ECF No. 10 at 3.) Because the Fifth Amendment Due Process Clause is only applicable to federal employees, Defendants construe Plaintiff's claim as if brought under the Fourteenth Amendment. (*Id.*) In his opposition, Plaintiff reaffirms that he has brought his due process claim against Defendant Lewis under the Fifth Amendment, not the Fourteenth Amendment. (ECF No. 14 at 2.) Defendants in reply contend that the Court should grant Defendants' motion because the Fifth Amendment is inapplicable to actions by state employees. (ECF No. 15 at 2.)

The Due Process Clause of the Fifth Amendment applies only to actions of the federal government, and not to state actors. *Betts v. Brady*, 316 U.S. 455, 462 (1942) ("Due process of law is secured against invasion by the federal [g]overnment by the Fifth Amendment and is safe-guarded against state action in identical words in the Fourteenth."); *Castillo v. McFadden*, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) ("The Fifth Amendment prohibits the federal government from depriving persons of due process, while the

Fourteenth Amendment explicitly prohibits deprivations without due process by the several States[.]"). Here, Plaintiff alleges that Defendant Lewis is employed as the A-yard Sergeant at RJDCF, a California state prison. (ECF No. 1 at 2.) The Fifth Amendment Due Process Clause therefore does not apply to Defendant Lewis because he is a state actor. *See O'Con v. Katavich*, No. 1:13–cv–1321–AWI–SKO, 2013 WL 6185212, at *6 (E.D. Cal. Nov. 26, 2013) ("Here, correctional officers at a state prison are state actors and none of their conduct is an action of the federal government. As such, the Fifth Amendment's Due Process Clause does not apply."). Plaintiff has no cause of action under the Fifth Amendment as to Defendant Lewis, and thus, to the extent Plaintiff alleges that Defendant Lewis violated his due process rights under the Fifth Amendment, the Court **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED** and Plaintiff's claim be **DISMISSED**.

2. Due Process Under the Fourteenth Amendment

Because Plaintiff is proceeding *pro se*, the Court is obligated to construe the allegations in his Complaint liberally. *See Hebbe*, 627 F.3d at 342. The Court therefore treats Plaintiff's assertion of a due process claim against a state actor under the Fifth Amendment, and not the Fourteenth, as nothing more than inartful pleading by a *pro se* plaintiff. Accordingly, the Court will construe Plaintiff's Complaint to instead allege a due process claim against Defendant Lewis under the Fourteenth Amendment. *E.g.*, *Williams v. Skolnik*, No. 3:08–CV–0112–ECR (VPC), 2009 WL 2835002, at *2 n.1 (D. Nev. July 16, 2009) (construing a *pro se* plaintiff's due process claims against state-actor defendants alleged under the Fifth Amendment to be alleged under the Fourteenth Amendment).

a. *Parties' Arguments*

Defendants argue that under the Fourteenth Amendment, "Plaintiff cannot, as a matter of law, state a claim for violation of due process for Lewis's alleged interference with Plaintiff's prison appeal." (ECF No. 10 at 5.) Defendants assert that "[t]he procedural guarantees of the Fourteenth Amendment's Due Process Clause apply only when a constitutionally protected liberty interest is at stake," and "[t]here is no protected liberty

interest in a prison-grievance procedure." (*Id.* (first citing *Ingraham v. Wright*, 430 U.S. 651, 672–73 (1977), and then citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)). Defendants further contend that Defendant Lewis could not have amended Plaintiff's grievance "even if he wanted to" because under Title 15, § 3084.1(b) of the California Code of Regulations, Plaintiff is not permitted to raise new issues in the later stages of an appeal. (*Id.*)

In opposition, Plaintiff argues that "when it comes to a prison grievance[,] a[n] inmate has a [First] Amendment right to file [an] appeal on anything." (ECF No. 14 at 2.) Plaintiff further contends that "the policy" under Title 15, § 3084.7(e) of the California Code of Regulations is for the "interviewer to ask" if the inmate "has anything to add" during the interview. (*Id.*) In reply, Defendants agree with Plaintiff that the filing of an inmate grievance is a protected activity under the First Amendment, but argue that, nonetheless, it "does not rise to the level of a liberty interest for purposes of a due process claim." (ECF No. 15 at 2.)

    b. *Legal Standard*

The Fourteenth Amendment prohibits any state from depriving a person of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1. The guarantee of procedural due process under the Fourteenth Amendment applies only when a constitutionally protected liberty or property interest is at stake. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972); *Shinault v. Hawks*, 782 F.3d 1053, 1057 (9th Cir. 2015) ("Due process protections extend only to deprivations of protected interests."). Interests protected by the Due Process Clause may arise from two sources—the clause itself and the laws of the states. *See Meachum v. Fano*, 427 U.S. 215, 223–27 (1976). To state a procedural due process claim, a plaintiff must allege: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000).

The Ninth Circuit has held that inmates have no protected liberty interest arising directly from the Due Process Clause in an inmate grievance, for there is no "constitutional

8

19-cv-00618-WQH-JLB

entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citing *Mann*, 855 F.2d at 640); *accord Todd v. Cal. Dep't of Corr. & Rehab.*, 615 F. App'x 415, 415 (9th Cir. 2015) (citing *Ramirez*, 334 F.3d at 860). "Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns." *Arellano v. Sedighi*, No. 3:15-cv-02059-AJB-BGS, 2016 WL 4430851, at *4 (S.D. Cal. Aug. 22, 2016) (citing *Mann*, 855 F.2d at 640). Nor does an inmate have a constitutional "right to have his grievances processed or decided in a particular manner." *Seely v. Gibbons*, 548 F. App'x 502, 503 (9th Cir. 2013).

Additionally, "[t]he State of California has not created a protected interest in an administrative appeal system in prison." *Balzarini v. Schwarzenegger*, No. C 07–2800 MHP (pr), 2007 WL 2778916, at *3 (N.D. Cal. Sept. 21, 2007); *see also Eusse v. Whitman*, No. 13CV0916-BEN NLS, 2014 WL 8096214, at *7 (S.D. Cal. Dec. 23, 2014) ("[T]here is no federal constitutional right to a prison administrative appeal or grievance system for California inmates."), *adopted sub nom Eusse v. Vitela*, No. 13CV916 BEN NLS, 2015 WL 1013774 (S.D. Cal. Mar. 9, 2015). Title 15, §§ 1073 and 3084.1 of the California Code of Regulations[5] "grant prisoners in state prisons a purely procedural right: the right

---

[5] Section 1073(a) provides that:

Each administrator of a Type II, III, or IV facility and Type I facilities which hold inmate workers shall develop written policies and procedures whereby any inmate may appeal and have resolved grievances relating to any conditions of confinement, included but not limited to: medical care; classification actions; disciplinary actions; program participation; telephone, mail, and visiting procedures; and food, clothing, and bedding. Such policies and procedures shall include:

(1) a grievance form or instructions for registering a grievance;

(2) resolution of the grievance at the lowest appropriate staff level;

(3) appeal to the next level of review;

to have an administrative appeal. The regulations simply require the establishment of a procedural structure for reviewing prisoner complaints and set forth no substantive standards." *Id.* A provision that merely provides "procedural requirements, even if mandatory, do[es] not raise a constitutionally cognizable liberty interest." *Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993).

c. *Analysis*

As detailed above, Plaintiff asserts that the jailhouse lawyer who assisted him in writing his inmate grievance failed to include information about the threats Plaintiff overhead Johnson make the day before the attack on February 7, 2018, as well as Defendants Bird-Hunt and Ruelas's lack of action in response. (*See* ECF No. 1 at 5–6.) Plaintiff contends that during his interview with Defendant Lewis on May 25, 2018, Lewis ignored his request to amend his grievance to include this information. Plaintiff argues that Defendant Lewis's actions violated his due process rights because Lewis interfered with Plaintiff's administrative appeals process. (*Id.*)

Defendant Lewis's denial of Plaintiff's request to amend his grievance during the face-to-face interview stage of the appeals process does not amount to a due process violation. Although it is true that Plaintiff has a First Amendment right to file a prison grievance, he does not have a right to any particular procedure for the handling or

---

(4) written reasons for denial of grievance at each level of review which acts on the grievance;

(5) provision for response within a reasonable time limit; and

(6) provision for resolving questions of jurisdiction within the facility.

Cal. Code Regs. tit. 15, § 1073(a). Section 3084.1(a) provides that "[a]ny inmate or parolee under the department's jurisdiction may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." *Id.* § 3084.1(a).

10

processing of his grievance. *See Jenkins v. Bernatene*, No. 1:12-CV-00928-MJS PC, 2012 WL 3764035, at *5 (E.D. Cal. Aug. 29, 2012) ("Plaintiff has a First Amendment right to file prison grievances but does not have a right to any particular response."); *Norman v. Walker*, No. CIV S-10-1344-KJM, 2011 WL 6153274, at *4 (E.D. Cal. Dec. 12, 2011) ("While plaintiff may have a constitutional right to access established prison grievance procedures, that right protects his ability to file the grievance, but does not protect him as to how prison officials process and/or decide the grievance."). Defendant Lewis's denial of Plaintiff's request to amend was part of the processing of Plaintiff's inmate grievance, and thus cannot form the basis of a due process claim. *See Norman*, 2011 WL 6153274, at *4 ("Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process grievances.").[6]

Because Plaintiff does not have an entitlement to any specific grievance procedure, he cannot state a claim under § 1983 based on any alleged deficiencies in Defendant Lewis's processing of his inmate grievance. For this reason, the Court **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED** and Plaintiff's due process claim against Defendant Lewis under the Fourteenth Amendment be **DISMISSED**.

///

///

---

[6] Because Defendant Lewis's denial of Plaintiff's request to amend his grievance did not violate Plaintiff's due process rights, the Court declines to address Defendants' additional argument that Title 15, § 3084.1(b) of the California Code of Regulations prevented Lewis from amending Plaintiff's grievance anyway. (*See* ECF No. 10 at 5.) Additionally, Plaintiff's contention that "the policy" under § 3084.7(e) is for the "interviewer to ask" if the inmate "has anything to add" does not change the Court's analysis. (ECF No. 14 at 2.) Even if RJDCF has an unwritten policy that an interviewer at the first level of review should ask an inmate if he or she "has anything to add" to the grievance, the fact remains that Plaintiff has no right to any particular grievance process. *See, e.g.*, *Humple v. Rooda*, No. 1:10-CV-00843-GBC PC, 2011 WL 2414424, at *3 (E.D. Cal. June 10, 2011) (dismissing a plaintiff's claim that his "appeals were mishandled" because the plaintiff had "no right to a response or any particular action").

## B. Eleventh Amendment Immunity

Plaintiff asserts claims against all three Defendants in their individual and official capacities and requests $100,000 in compensatory damages and $150,000 in punitive damages. (ECF No. 1 at 2, 7.) Plaintiff also seeks an injunction preventing all Defendants from: (1) "placing any inmate in [his] cell due to [his] fear of being attacked"; (2) "retaliating on [him] in any[]way"; and (3) "placing [him] in L.O.P. loss of privileges for phones so [he] can contact counsel." (*Id.* at 7.)

Defendants move to dismiss Plaintiff's damages claims to the extent they are based on acts taken in their official capacities. (ECF No. 10 at 6.) Defendants argue that because they are state employees they are immune from any suit for damages pursuant to the Eleventh Amendment. (*Id.*)

In opposition, Plaintiff states that he opposes Defendants' Eleventh Amendment immunity argument but also asserts that "his suit . . . against all named [D]efendants in their official capacit[ies] is for . . . injunctive relief . . . [and] not for monetary gain." (ECF No. 14 at 4.) In reply, Defendants point out that "Plaintiff does not dispute that he cannot recover damages against Defendants in their official capacit[ies]." (ECF No. 15 at 3.)

The Eleventh Amendment precludes federal jurisdiction over a suit against a state or state agency unless the state or agency consents to the suit. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 53–54 (1996). The Ninth Circuit has determined that the California Department of Corrections is a state agency entitled to Eleventh Amendment immunity. *Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009). State officials acting in their official capacities receive the same immunity as the government agency that employs them. *See Hafer v. Melo*, 502 U.S. 21, 26–27 (1991). Thus, a state official sued for damages in his or her official capacity is entitled to Eleventh Amendment immunity. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Sellars v. Procunier*, 641 F.2d 1295, 1301 n.13 (9th Cir. 1981). A state official is not immune, however, when sued in an official capacity for prospective relief. *Ex Parte Young*, 209 U.S. 123, 160 (1908); *Flint v.*

*Dennison*, 488 F.3d 816, 825 (9th Cir. 2007). Nor is the official immune when sued for damages in an individual capacity. *See Hafer*, 502 U.S. at 30.

Here, Defendants are state correctional officers. (ECF No. 1 at 2.) Therefore, Plaintiff may not seek monetary damages from Defendants in their official capacities. Plaintiff asserts in his opposition that he is not seeking "monetary gain" from Defendants in their official capacities. (ECF No. 14 at 4.) However, the Complaint includes causes of action against all Defendants in their individual and official capacities and is silent as to any division of remedies. (*See* ECF No. 1 at 2.) Therefore, the Court **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED** and Plaintiff's claims for damages against all Defendants in their official capacities be **DISMISSED**.[7]

## C. Leave to Amend

Before dismissing a *pro se* civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and will ordinarily be given an opportunity to cure. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624–25 (9th Cir. 1988). However, if it is absolutely clear that the deficiencies cannot be cured by amendment, the court should dismiss the complaint without leave to amend. *Id.*; *accord James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000). In other words, where leave to amend would be futile, the court may deny leave to amend. *See Desoto v. Yellow Freights Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) ("A district court does not err in denying leave to

---

[7] Although Plaintiff's claims for damages against Defendants in their official capacities are barred by the Eleventh Amendment, Plaintiff's request for prospective injunctive relief is not. *See Mir v. Kirchmeyer*, No. 12cv2340–GPC–DHB, 2014 WL 2436285, at *6 (S.D. Cal. May 30, 2014). Additionally, the Eleventh Amendment imposes no bar to Plaintiff's claims for damages against Defendants in their individual capacities. *See Hafer*, 502 U.S. at 31; *Ashker v. Cal. Dep't of Corr.*, 112 F.3d 392, 394–95 (9th Cir. 1997). This Recommendation, if adopted, would not impact Plaintiff's prospective injunctive relief claims against Defendants Bird-Hunt and Ruelas or his claims for damages against Defendants Bird-Hunt and Ruelas in their individual capacities.

amend where the amendment would be futile." (citing *Reddy v. Litton Indus.*, 912 F.2d 291, 296 (9th Cir. 1990))).

Here, the Court finds that granting Plaintiff leave to amend his Fifth Amendment or Fourteenth Amendment due process claims against Defendant Lewis would be futile. As discussed above, Plaintiff cannot as a matter of law assert a Fifth Amendment due process claim against Defendant Lewis because the Fifth Amendment does not apply to state actors. *See Castillo*, 399 F.3d at 1002 n.5. Additionally, Plaintiff cannot as a matter of law assert a Fourteenth Amendment due process claim against Defendant Lewis in connection with his inmate grievance because "prisoners have no standalone due process rights related to the administrative grievance process." *Norman*, 2011 WL 6153274, at *4; *see also Goodlow v. Camacho*, No.: 18cv709-CAB-MDD, 2019 WL 1767896, at *7 (S.D. Cal. Apr. 22, 2019) (recommending that an inmate's Fourteenth Amendment due process claim for improper processing of a grievance be dismissed without leave to amend), *adopted by* 2019 WL 2223932 (S.D. Cal. May 23, 2019). Thus, granting Plaintiff leave to amend his due process claim against Defendant Lewis would be futile.

Granting Plaintiff leave to amend his claims for damages against Defendants in their official capacities would likewise be futile, for these claims also fail as a matter of law. *See Graham*, 473 U.S. at 166; *Lambert v. Robles*, No. 07 CV 1769 JM (NLS), 2008 WL 2223252, at *3 (S.D. Cal. May 27, 2008) ("Plaintiff has not previously been granted leave to amend, but there is no possibility that Plaintiff can plead facts sufficient to overcome the Eleventh Amendment bar to a suit for money damages against a state actor in his official capacity."). Moreover, Plaintiff does not contest these claims' lack of viability. (*See* ECF No. 14 at 4.)

Accordingly, the Court **RECOMMENDS** that Plaintiff's due process claim against Defendant Lewis and Plaintiff's claims for damages against all Defendants in their official capacities be **DISMISSED without leave to amend**.

///

///

14

## V. CONCLUSION

For the reasons discussed above, **IT IS HEREBY RECOMMENDED** that the District Court issue an Order: (1) accepting this Report and Recommendation; (2) **GRANTING** Defendants' Motion to Dismiss; and (3) **DISMISSING without leave to amend** Plaintiff's due process claim against Defendant Lewis and Plaintiff's claims for damages against all Defendants in their official capacities.

**IT IS ORDERED** that no later than **January 27, 2020**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **February 3, 2020**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

Dated: January 6, 2020

_Jill Burkhardt_
Hon. Jill L. Burkhardt
United States Magistrate Judge