UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE MCCLOUD,<br><br>  Plaintiff,<br><br>v.<br><br>T. BIRD-HUNT, et al.,<br><br>  Defendants. | Case No.:  3:19-cv-00618-WQH-JLB<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is Plaintiff's Objection to the Report and Recommendation.  (ECF No. 24).

I.     **PROCEDURAL BACKGROUND**

On April 2, 2019, Plaintiff Willie McCloud, a state prisoner proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983.  (ECF. No. 1).  On the same day, Plaintiff filed a Motion for Leave to Proceed in Forma Pauperis.  (ECF. No. 2).  On April 8, 2019, this Court issued an Order granting Plaintiff Motion to Proceed in Forma Pauperis.  (ECF No. 4).  On June 27, 2019, Defendants filed a Motion to Dismiss.  (ECF No. 10).  On August 5, 2019, Plaintiff filed a Response in opposition.  (ECF No. 14).  On September 10, 2019, Defendants filed a Response in support.  (ECF No. 15).  On January 6, 2020, the Magistrate Judge issued a Report and Recommendation with Objections due by January

27, 2020 and Replies due by February 3, 2020. (ECF No. 17). No Objections were filed by either party. On February 12, 2020, the Court issued an Amended Order adopting the Report and Recommendation in its entirety; granting Defendants' Motion to Dismiss; and dismissing the Complaint without prejudice. (ECF No. 20).

On February 20, 2020, Plaintiff filed a Motion Requesting for Extension of Time to File Objections. (ECF No. 22). On February 21, 2020, the Court issued a minute entry ordering any Objections to the Report and Recommendation due by April 3, 2020 and any Reply to the Objections due by April 17, 2020. (ECF No. 23). On March 2, 2020, Plaintiff filed an Objection. (ECF No. 24). On April 17, 2020, Defendants filed a Reply. (ECF No. 25).

## II. STANDARD OF REVIEW

Generally, reconsideration of a prior order is "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883). A motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters.*, 229 F.3d at 890 (emphasis in original) (citation omitted).

## III. DISCUSSION

### a. Plaintiff's Objections

Plaintiff contends that Defendant's Motion to Dismiss for failure to state a claim should be denied because Plaintiff's Complaint adequately states a cause of action. Plaintiff asserts that he intended to bring a claim pursuant to the Fourteenth Amendment,

not a Fifth Amendment claim as plead in the Compliant. Plaintiff contends that he has a protected liberty interest in the prison grievance procedure. Plaintiff asserts that he is not alleging a deprivation of any specific grievance procedure. Rather, Plaintiff contends that Defendant Lewis deprived Plaintiff of his ability to raise claims in a civil rights case by violating state regulations, federal law pursuant to the Prison Litigation Reform Act, and executive law. Plaintiff asserts that he is seeking injunctive relief and not monetary damages against Defendants in their official capacity.

### b. Due Process Under the Fourteenth Amendment

The Fourteenth Amendment prohibits any state from depriving a person of life, liberty, or property without due process of law. *See* U.S. Const. amend. XIV, § 1. The guarantee of procedural due process under the Fourteenth Amendment applies only when a constitutionally protected liberty or property interest is at stake. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972) ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property."). Interests protected by the Due Process Clause may arise from two sources: the clause itself and the laws of the states. *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). To state a procedural due process claim, a plaintiff must allege: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (alteration in original).

The Court previously found that "Defendant Lewis's denial of Plaintiff's request to amend was part of the processing of Plaintiff's inmate grievance …." (ECF No. 17 at 11). The Court concluded that Plaintiff failed to state a claim pursuant to the Fourteenth Amendment "[b]ecause Plaintiff does not have an entitlement to any specific grievance procedure …." *Id.* The Court further concluded that "granting Plaintiff leave to amend his due process claim against Defendant Lewis would be futile" because "Plaintiff cannot as a matter of law assert a Fourteenth Amendment due process claim against Defendant Lewis in connection with his inmate grievance because 'prisoners have no standalone due process

rights related to the administrative grievance process.'" *Id.* at 14 (citation omitted). Plaintiff fails to present new evidence in his Objection. Plaintiff fails to assert there was an intervening change in the law. Plaintiff implicitly contends that the Court committed "clear error". *Sch. Dist. No. 1J*, 5 F.3d at 1263. The Court finds no clear error in its conclusions that Plaintiff failed to state a claim pursuant to the Fourteenth Amendment and that granting Plaintiff leave to amend his due process claim against Defendant Lewis would be futile.

### c. Eleventh Amendment Immunity

The Eleventh Amendment precludes federal jurisdiction over a suit against a state or state agency unless the state or agency consents to the suit. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 53-54 (1996). The Court of Appeals has determined that "the California Department of Corrections … [is] entitled to Eleventh Amendment immunity … [as an] agenc[y] of the state …." *Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009) (citation omitted). State officials acting in their official capacities receive the same immunity as the government agency that employs them because "an official-capacity suit against a state officer is not a suit against the official but rather is a suit against the official's office" and "[a]s such it is no different from a suit against the State itself". *Hafer v. Melo*, 502 U.S. 21, 26 (1991) (internal quotation marks and citation omitted). Thus, a state official sued for damages in his or her official capacity is entitled to Eleventh Amendment immunity. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985) ("The only immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the entity, *qua* entity, may possess, such as the Eleventh Amendment."). A state official is not immune, however, when sued in an "official capacity" for "prospective injunctive relief …." *Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007) (citation omitted). In addition, "the Eleventh Amendment does not erect a barrier against suits to impose 'individual and personal liability' on state officials under § 1983." *Hafer*, 502 U.S. at 30-31 (citation omitted).

The Court previously found that

> Here, Defendants are state correctional officers…. Therefore, Plaintiff may not seek monetary damages from Defendants in their official capacities. Plaintiff asserts in his opposition that he is not seeking "monetary gain" from Defendants in their official capacities…. However, the Complaint includes causes of action against all Defendants in their individual and official capacities and is silent as to any division of remedies….

(ECF No. 17 at 13). The Court dismissed Plaintiff's claims for damages against all Defendants in their official capacities. *Id*. The Court concluded that "[g]ranting Plaintiff leave to amend his claims for damages against Defendants in their official capacities would likewise be futile, for these claims also fail as a matter of law." *Id*. at 14 (citation omitted). However, the Court ruling "[did] not impact Plaintiff's prospective injunctive relief claims against Defendants Bird-Hunt and Ruelas or his claims for damages against Defendants Bird-Hunt and Ruelas in their individual capacities." *Id*. at 13. To the extent Plaintiff asserts that he is seeking prospective injunctive relief against Defendants in their official capacity, the Court has previously stated that Plaintiff's prospective injunctive relief claims against Defendants Bird-Hunt and Ruelas have not been dismissed.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Objection to the Report and Recommendation (ECF No. 24) is OVERRULED. The Court declines to reconsider its February 12, 2020 Amended Order adopting the Report and Recommendation in its entirety.

Dated: May 7, 2020

Hon. William Q. Hayes
United States District Court