UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE MCCLOUD, | Case No.:  19-cv-00618-TWR-JLB |
| Plaintiff, | **ORDER GRANTING IN PART PLAINTIFF'S MOTION** |
| v. | |
| T. BYRD-HUNT, et al., | |
| Defendants. | |
| | **[ECF No. 30]** |

Before the Court is Plaintiff Willie McCloud's motion for miscellaneous relief, in which he requests to amend the Scheduling Order, to obtain a copy of the Complaint, and "the list of court approved appointed experts." (ECF No. 30.)  Plaintiff is a state prisoner proceeding *pro se* an *in forma pauperis* in this civil rights action pursuant to 48 U.S.C. § 1983.  For the reasons set forth below, Plaintiff's motion is **GRANTED in part** and **DENIED in part**.

The Court **GRANTS** Plaintiff's request for a copy of his Complaint.  Ordinarily, a plaintiff's *in forma pauperis* status or incarceration does not entitle him to free copies of court documents.  The statute providing authority to proceed *in forma pauperis*, 28 U.S.C. § 1915, does not include the right to obtain court documents without payment.  *See Sands v. Lewis*, 889 F.2d 1166, 1169 (9th Cir. 1990) (per curiam) (stating that prisoners have no constitutional right to free photocopy services), *overruled on other grounds by Lewis v.*

1

*Casey*, 518 U.S. 343, 350–55 (1996).  Nevertheless, the Court in its discretion will provide Plaintiff with a copy of the Complaint.  Accordingly, the Clerk of Court is **DIRECTED** to mail Plaintiff a copy of the Complaint (ECF No. 1) along with this Order.

Plaintiff also requests a thirty-day extension of the December 4, 2020 expert designation and disclosure deadline and the January 20, 2021 discovery cutoff.  (ECF No. 30 at 1.)  Plaintiff states that, at an unspecified time, "ro[gu]e officers" conducted a search of his cell and confiscated his only copy of the Complaint.  (*Id.*)  Plaintiff argues that, without a copy of the Complaint, he has not been able to conduct discovery.  (*See id.*)

The Court finds that Plaintiff has not set forth good cause for the extensions he seeks. Plaintiff does not say when officers confiscated his copy of the Complaint or how long he has been without a copy.  He also does not explain why he needs a copy of the Complaint to propound discovery or designate experts.  Further, regardless of when the confiscation occurred, the Court opened discovery in this case nearly five months ago on June 4, 2020, when it issued the Scheduling Order.  (ECF No. 28.)  Therefore, Plaintiff was either not diligent in propounding discovery while he was in possession of a copy of the Complaint or was not diligent in seeking relief from the Court.  Plaintiff represents that this is his second request for a copy, but this is the first request the Court has received, and Plaintiff does not indicate when he made any earlier request.  Finally, the Court is granting Plaintiff's request for a copy of the Complaint, which he should have soon.  The expert designation deadline is still more than a month away and the discovery cutoff is almost three months away, so Plaintiff may well still be able to meet those deadlines.

Accordingly, for lack of good cause shown, Plaintiff's request to amend the Scheduling Order and extend the December 4, 2020 expert designation and disclosure deadline and the January 20, 2021 discovery cutoff is **DENIED without prejudice**.  The Court will consider a renewed request from Plaintiff if he provides the date his copy of the Complaint was confiscated and the date he first requested a copy from the Court.  In addition, Plaintiff will need to show that he has been diligent in trying to meet the Court's deadlines.

Plaintiff also requests that the Court send him "the list of court approved appointed experts," as he "plans on calling" an economist, an orthopedic surgeon, a police procedures expert, and a prison procedures expert. (ECF No. 30 at 2.)  Plaintiff seeks expert names, addresses, "summar[ies] of testimony," and "rates for deposition." (*Id.*)  The Court is unable to provide Plaintiff with a list of the names and addresses of any expert witnesses or the other information he requests.  There is no such list of court-approved appointed experts.  In addition, the Court may not provide legal advice or assistance to any litigant.  Accordingly, Plaintiff's request for a list of court-approved experts is **DENIED**.

**IT IS SO ORDERED.**

Dated:  October 28, 2020

Hon. Jill L. Burkhardt
United States Magistrate Judge